IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Stephanie Mackey, and Nick Migliore, Plaintiffs, v. Chemtool Inc., and Lubrizol Corp., Defendants. | Case No. 3:21-cv-50283 Honorable Iain D. Johnston |
| Sara Henderson, Plaintiff, v. Chemtool Inc., and Lubrizol Corp., Defendants. | Case No. 3:21-cv-50285 Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

On June 14, 2021, an explosion and subsequent fire destroyed a chemical plant in Rockton, Illinois. Defendants Chemtool, and its parent company Lubrizol, operated the plant. Soon after, three class actions were filed against Defendants claiming that they negligently operated the plant and caused toxic matter to be released into the air, which eventually fell on Plaintiffs' property. The cases were originally filed in the Seventeenth Judicial Circuit Court, Winnebago County, Illinois. The first case filed was *Grasley v. Chemtool Inc.*, No. 2021-L-0000162. That case was filed on June 17, 2021, and it remains in state court. The next day, additional plaintiffs filed *Mackey v. Chemtool, Inc.*, 2021-L-0000165. Ten days later,

1

still further plaintiffs filed *Henderson v. Chemtool, Inc.*, 2021-L-0000175.[1] Chemtool and Lubrizol then removed the *Mackey* and *Henderson* cases—which are the subject of this opinion—to this Court and asserted diversity jurisdiction under the Class Action Fairness Act (CAFA). Plaintiffs in both federal cases have now moved the Court to remand back to the Seventeenth Judicial Circuit. Because the motions in both cases present the same narrow question based on the very similar circumstances, the Court consolidated the motions into this single order to be filed in both cases.

When a plaintiff files an action in state court that could have originally been filed in federal court, the defendants have a right to remove that action to federal court if certain procedural hurdles are first met. 28 U.S.C. §§ 1441, 1446. So, on removal, and to establish that the case could have been originally filed in federal court, the defendant bears the burden of properly asserting federal jurisdiction. *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018). In these two cases, Defendants have asserted diversity jurisdiction under the CAFA. A defendant's notice of removal need only include a short and plain statement alleging a plausible basis for removal, including that the procedural requirements were met and that the federal court has statutory and constitutional jurisdiction. This requirement tracks the federal pleading standard for claims originally filed in federal court. *Dart v. Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

---

[1] According to the date stamp on the state complaints, *Mackey* was filed on June 18, 2021, and *Henderson* was filed on June 28, 2021.

Neither set of Plaintiffs takes issue with the procedural requirements of removal. Nor do they contend that this Court lacks jurisdiction. Rather, they argue that an exception to CAFA applies, preventing the Court from exercising its jurisdiction over these actions.[2] Three exceptions exist to the CAFA's grant of federal diversity jurisdiction: (1) the discretionary home-state exception, (2) the mandatory home-state exception, and (3) the local-controversy exception.

The discretionary home-state exception applies only in cases in which "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes . . . are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(3). That exception is inapplicable in this case because nearly all putative class members are citizens of the State of Illinois.

The mandatory home-state exception requires the Court to decline federal jurisdiction over cases in which more than two-thirds of the putative class members *and* the primary defendants are all members of the State in which the case was originally filed. § 1332(d)(4)(B) (emphasis added). Because this exception appeared the most applicable, the Court required the parties to file position papers addressing whether it applied. Based on the filings and pleadings, the Court believed that Chemtool was *the* primary defendant. The Court was under the impression that Lubrizol, the only out-of-state defendant was merely a defendant in this case through indirect theories of liability. Though the Seventh Circuit has yet

---

[2] The exceptions to CAFA are not themselves jurisdictional questions. Rather, they determine whether the district court exercises that existing jurisdiction. *Dancel v. Groupon, Inc.*, 940 F.3d 381, 386 (7th Cir. 2019).

3

to define what the statute means by a "primary defendant," other circuits' definition would exclude defendants that are only alleged to be indirectly liable. *See Hunter v. City of Montgomery*, 859 F.3d 1329, 1336–37 (11th Cir. 2017); *Watson v. City of Allen*, 821 F.3d 634, 641–42 (5th Cir. 2016); *Vodenichar v. Halcón Energy Props.*, 733 F.3d 497, 504 (3d Cir. 2013). So, under this authority, Lubrizol would merely be a deep pocket, not a "primary defendant." Indeed, the *Henderson* complaint plainly alleges that Lubrizol is Chemtool's parent company. No. 3:21-cv-50285, dkt. 1-1, ¶ 5 ("Chemtool is a subsidiary of The Lubrizol Corporation."). Nevertheless, all parties contend that the mandatory home-state exception is inapplicable. As Plaintiffs in both cases point out, the original complaints filed in state court allege that *both* Chemtool and Lubrizol operated the chemical plant. *Id.* ¶¶ 4, 6; No. 3:21-cv-50283, dkt. 1-1, ¶¶ 7–8, 13. Thus, because both Defendants allegedly operated the plant, Plaintiffs' complaints allege a plausible basis for direct liability, which places Lubrizol within the understood definition of a primary defendant. Thus, the mandatory home-state exception does not apply.[3]

Plaintiffs instead argue that the local-controversy exception applies in this case and requires that the Court decline federal jurisdiction and remand both of these cases back to the Seventeenth Judicial Circuit. The local controversy exception requires federal district judges to decline to exercise jurisdiction over cases that meet certain statutorily determined indicia that the controversy is

---

[3] The Court will hold the parties to their judicial admissions.

merely local. The Court is required to decline jurisdiction when all these requirements are met:

> (i) over a class action in which—
> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
> (II) at least 1 defendant is a defendant—
> (aa) from whom significant relief is sought by members of the plaintiff class;
> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
> (cc) who is a citizen of the State in which the action was originally filed; and
> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
> (ii) during the 3-year period preceding the filing of that class action, *no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or similar persons.*

28 U.S.C. §§ 1332(d)4)(A) (emphasis added). All requirements but the last are undisputedly met. Nearly all members of the putative class are citizens of Illinois. Chemtool is a citizen of the State of Illinois. It is also allegedly responsible for a significant portion of the purported harm done in this case because it operated the plant at issue, notwithstanding that Lubrizol allegedly shared those duties. No one disputes that the alleged injuries occurred in Illinois, given that the chemical plant exploded in Rockton, Illinois, and the injuries occurred in the form of allegedly toxic ash and debris falling on the putative class members' Illinois properties. The only question at issue is whether the final requirement is met.

Under the plain terms of the statute, the final requirement of the local controversy exception is not met in this case. The *Grasley* class action was filed one

5

day before *Mackey* and ten days before *Henderson*. § 1332(d)(4)(A)(ii). And the parties do not dispute that *Grasley* asserts "the same or similar factual allegations against any of the defendants on behalf of the same or similar persons." *Id*. So, the local controversy exception does not apply.

To avoid the clear application of the facts to the statute, Plaintiffs initially argue that the statute does not mean what it says based on the legislative history of CAFA. Dkt. 26, at 4-11. But that's a nonstarter. Courts do not consider legislative history when the statute is unambiguous. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 568 (2005) ("[T]he authoritative statement is the statutory text, not the legislative history or any other extrinsic material. Extrinsic materials have a role in statutory interpretation only to the extent they shed a reliable light on the enacting Legislature's understanding of otherwise ambiguous terms." *United States v. Logan*, 453 F.3d 804, 805 (7th Cir. 2006)). "When addressing questions of statutory interpretation, we begin with the text of the statute. When a statute is unambiguous, our inquiry 'starts and stops' with the text." *United States v. Marcotte*, 835 F.3d 652, 656 (7th Cir. 2016) (quoting *United States v. All Funds on Deposit with R.J. O'Brien & Associates*, 783 F.3d 607, 622 (7th Cir. 2005)) (internal citation omitted).

Ignoring this fundamental principle, Plaintiffs contend that remand will facilitate the intent of Congress and allow the three class actions to proceed in a coordinated fashion. They contend that the "no other class action" clause was intended to ensure that the local controversy exception wouldn't apply to class

actions filed in multiple states, but would if filed in the same state. They further contend that a motion to consolidate the *Mackey* and *Henderson* cases was already pending in state court, that plaintiffs' counsel across the cases had already agreed to work in a coordinated fashion, and plaintiffs' counsel in *Mackey* and *Henderson* have since filed appearances in *Grasley* in the Seventeenth Judicial Circuit. Given these circumstances, Plaintiffs ask the Court to consider the three cases essentially the same "quintessentially local case" and declare that no other class action was filed in the three preceding years. But this legislative purpose argument cannot prevail in the face of unambiguous text. "Plain text trumps purpose." *INTL FCStone Fin. Inc. v. Jacobson*, 950 F.3d 491, 499 (7th Cir. 2020).

      Furthermore, Plaintiffs' argument essentially asks the Court to read the local controversy exception as a totality of the circumstances test in which district courts are asked to analyze the circumstances and determine whether the exercise of federal jurisdiction would facilitate Congressional intent. But Congress knows how to write a statute to require a totality of the circumstances analysis. That is exactly what the discretionary home-state exception provides for. 28 U.S.C. § 1332(d)(3) ("A district court may, in the interests of justice and *looking at the totality of the circumstances*, decline to exercise jurisdiction . . . ."). That language is conspicuously absent from the local controversy exception. Indeed, nothing in the text of the local controversy exception gives the Court leeway to consider the interests of justice, judicial economy, or the convenience of the parties, as Plaintiffs' argument implies.

Nothing in Plaintiffs' motion to remand explains how the local controversy exception's text is ambiguous. Instead, the argument proceeds directly to the purported intent and rationale of Congress in passing the statute. But the text is not ambiguous. The statutory text requires that "no other class action" be filed in the preceding three years. And it is undisputed that *Grasley*—a class action asserting the same factual allegations against the same defendants on behalf of the same or similar persons—was filed previously in the Seventeenth Judicial Circuit.

In reply, Plaintiffs contend for the first time that the definition of "other class action" is ambiguous. Dkt. 35, at 2–3. They contend that an "action" is not necessarily "a case filed under only one docket, case number, or caption." 3:21-cv-50293, dkt. 35, at 2–3. Plaintiffs' contention is wrong. The plain language of the Federal Rules of Civil Procedure—which have existed since 1938—establishes that an action is, indeed, a case filed under one docket, case number, and caption. Federal Rules of Civil Procedure 2 and 3 prove that point. Under Rule 2, "There is one form of action—the civil action." Fed. R. Civ. P. 2. And under Rule 3, "A civil action is commended by filing *a complaint with the court.*" Fed. R. Civ. P. 3 (emphasis added). The Court presumes that Congress knew of these rules when it passed CAFA. *See Kitson v. Bank of Edwardsville*, No. 06-528, 2006 U.S. Dist. LEXIS 85285, at *45–46 (S.D. Ill. Nov. 22, 2006) (collecting cases).

Now, in the reply brief and ignoring both the plain text of CAFA and Rules 2 and 3, Plaintiffs note that mass actions (rather than class actions) are treated the

8

same as class actions under the statute.[4] That does not render the text ambiguous. A mass action is suit "in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." *Koral v. Boeing Co.*, 628 F.3d 945, 946 (7th Cir. 2011) (quoting 28 U.S.C. § 1332(d)(11)(B)(i).

Plaintiff's argument is based on *Koral v. Boeing Co.*, 628 F.3d 945, 946 (7th Cir. 2011). In *Kolar*, the Seventh Circuit addressed a situation in which district courts were presented with twenty-nine separate suits. The Court explained that all twenty-nine cases were unlikely to go to trial because "in aviation disaster cases, several exemplar cases are routinely tried on one occasion at which time the issue of liability is determined for the remainder of the cases." *Id.* On that theory, Boeing removed to federal court and argued that the twenty-nine cases were really just one mass action. The Seventh Circuit explained that removal was premature and that any proposition to try cases jointly as a mass action must be made "to the court in which the suits are pending." *Id.* at 947.

Plaintiffs here contend that *Koral* stands for the proposition that "lawsuits filed under different dockets and with different captions can be treated collectively as a 'class action' under CAFA if plaintiffs propose to try them jointly." No. 3:21-cv-50283, dkt. 35, at 3. Plaintiffs are correct that mass actions are treated as if they were class actions for the purposes of CAFA, but that does not help them in this

---

[4] To the extent that Plaintiffs' argument requires "class action" and "mass action" to mean the same thing—which it seems to do—the Court rejects it as well. *United States v. Melvin*, 948 F.3d 848, 852 (7th Cir. 2020) ("We presume that the use of different words in the same statute is evidence that Congress intended different meanings.").

9

case. First, Plaintiffs have presented no evidence that they proposed to try the cases jointly as a mass action in the Seventeenth Judicial Circuit, as *Koral* plainly requires. Indeed, Plaintiffs made clear that the three cases are *not* mass actions. *Id.* at 3 n.3. Second, the concept of a mass action does not render the "no other class action" language ambiguous. Plaintiffs focus on the definition of "action" to contend that it does not necessarily mean one case number filed under one caption. But the text is "no other class action," and Congress defined "class action" in the same subsection of the statute: "the term 'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). *Grasley* is without question a class action within the meaning of CAFA, and Plaintiffs do not argue to the contrary.

Furthermore, the definition of "class action" does not provide the Court with a mechanism to ignore some class actions. It does not provide the Court with a mechanism to consider the interests of justice, as does the discretionary home-state exception. The definition reads "*any* civil action" filed as a class action in either state or federal court. 28 U.S.C. § 1332(d)(1)(B). And the word "any" has an expansive meaning. *United States v. Gonzales*, 520 U.S. 1, 5 (1997).

Nevertheless, Plaintiffs ask this Court to hold that *Grasley* is not truly an "other class action." What Plaintiffs essentially ask this Court to do is graft additional language onto an already unambiguous statutory provision. Plaintiffs

10

argue that, because *Grasley* was filed "one day earlier" than *Mackey*, considering it an "other class action" fails to enforce the clear intent of Congress. Plaintiffs ask the Court to deem all class actions filed in close temporal proximity in the same state to be the same class action for the purposes of the statute. But the statute already defines a class action, and this grafting of an additional temporal-based exception to the definition creates a clear problem. Indeed, *Mackey* and *Henderson* present a prime example of why the Court cannot read such a temporal-based exception into an otherwise unambiguous textual provision. Plaintiffs ask the Court to create an unwritten statutory exception not only for *Mackey*—which was filed one day after *Grasley*—but also for *Henderson*—which was filed 10 days after *Grasley*. Where does the scope of this temporal exception end? Is it one day, or ten, or could a case filed two months prior be considered part of the same class action? That is a question for Congress to answer. Congress is fully capable of drafting statutory text that expands the definition of a class action, or that redefines the local controversy exception. Regardless of Congress' intent, it answered the question with a bright-line rule: "no other class action." The local controversy exception does not apply, and the motions to remand are denied.

Date: August 11, 2022

_____
Honorable Iain D. Johnston
United States District Judge

11