IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE MACKEY, *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:21-cv-50283 |
| | ) | |
| CHEMTOOL INCORPORATED, *et al*., | ) | The Honorable Iain D. Johnston |
| | ) | The Honorable Lisa A. Jensen |
| Defendants. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HOLIAN INSULATION COMPANY, INC., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

### CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

Plaintiffs Stephanie Mackey, Nick Migliore, and Sara Henderson ("Named Plaintiffs" or

"Plaintiffs"), individually and on behalf of all others similarly situated (the "Class," as more fully

defined below), by their undersigned counsel, bring this class action lawsuit against Defendants

Chemtool Incorporated ("Chemtool") and The Lubrizol Corporation ("Lubrizol") for damages

sustained as the result of a June 14, 2021 fire and explosions that occurred at Defendants'

Rockton, Illinois chemical plant, and the "environmental nightmare"[1] created by the fire,

explosions, and resulting massive toxic smoke and dust plume. As a result of the preventable

fire, explosions, and toxic smoke and dust plume, Plaintiffs and the other Class members have

suffered property damage, including but not limited to lost profits; loss of use and enjoyment of

---

[1] https://www.nbcnews.com/news/us-news/video-shows-flames-engulfing-chemical-plant-northern-illinois-n1270729

property; investigation, cleanup, and remediation of the property; and diminution of property value. No claims are asserted for personal injuries.

Defendants' negligence and failure to prevent the fire, explosions, and toxic smoke and dust plume caused and continues to cause harm to Plaintiffs and the other Class members. Plaintiffs make the following allegations upon personal knowledge as to Defendants' acts and/or omissions, upon information and belief, and upon Plaintiffs' attorneys' investigation as to all other matters:

## I.  GENERAL ALLEGATIONS

### A.  Parties

1.  On June 14, 2021 and thereafter, Plaintiffs Stephanie Mackey and Nick Migliore owned and lived in the property located at 800 Watts Avenue in Rockton, Illinois.  Their residence is less than one mile from Defendants' Rockton, Illinois Production Center, which is located at 1165 Prairie Hill Road, Rockton, Illinois 61072 ("Rockton Plant").

2.  On June 14, 2021 and thereafter, Plaintiff Sara Henderson resided at 211 Foxfire Place in Rockton, Illinois, with her husband and two young children. Her residence is approximately 1.6 miles from the Rockton Plant.

3.  Defendant Chemtool Incorporated is a Delaware corporation engaged in the business of manufacturing fluids, lubricants, and greases including industrial cleaners, corrosion inhibitors, and metalworking fluids. At all relevant times, Chemtool operated Rockton Plant. Chemtool's headquarters and principal place of business are located at 801 West Rockton Road, Rockton, Illinois 61072. Chemtool is an Illinois citizen.

4.  Chemtool is a subsidiary of Defendant The Lubrizol Corporation, an Ohio company whose principal office is located at 29400 Lakeland Blvd. in Wickliffe, Ohio 44092.

Lubrizol is a global specialty chemical company which owns and during all relevant times operated the Rockton Plant.

### B.    Jurisdiction and Venue

5.    Plaintiffs Mackey, Migliore, and Henderson are citizens of Illinois. All of the proposed Class members are Illinois citizens.

6.    Defendant Chemtool is a citizen of Illinois.

7.    Defendant Lubrizol is a citizen of Ohio.

8.    This is a civil class action in which the amount in controversy exceeds $5,000,000, and in which one defendant (Lubrizol) is a citizen of a state different from the Plaintiffs. As a result, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. §1332(d)(2)(A).[2]

9.    The Rockton Plant is located in the Northern District of Illinois, and a substantial part of the events or omissions giving rise to the claim occurred in the District. As a result, venue is proper under 28 U.S.C. §1391(b)(2).

---

[2] Plaintiffs Mackey, Migliore, and Henderson originally filed their claims against Chemtool and Lubrizol resulting from the June 14, 2021 fire in Winnebago County Circuit Court. Defendants removed both actions to this Court. *See Mackey et al v. Chemtool et al*, No. 3:21-cv-50283 Dkt. 1; *Henderson v. Chemtool et al*, No. 3:21-cv-50285 Dkt. 1. Plaintiffs timely moved to remand both cases back to the Winnebago County Circuit Court. *See Mackey* Dkt. 25. This Court denied those motions on August 11, 2022. *See Mackey* Dkt. 85.

Plaintiffs are filing this Consolidated Amended Complaint in compliance with the Court's April 11, 2023 Order (*Mackey* Dkt. 163). Although Plaintiffs' original complaints alleged jurisdiction and venue based on Illinois law, this Consolidated Amended Complaint sets out federal subject-matter jurisdiction and venue in the U.S. District Court for the Northern District of Illinois. While Plaintiffs acknowledge that the basic elements of subject-matter jurisdiction under the Class Action Fairness Act ("CAFA") are met pursuant to 28 U.S.C. §1332(d)(2)(A), Plaintiffs preserve, and do not waive, their argument that their original actions fall under CAFA's "local controversy exception," 28 U.S.C. §1332(d)(4)(A), and that as a result their motions to remand should have been granted. *See Mackey* Dkt. 26, 35.

### C.     Background Facts

10.     Chemtool has maintained a presence in northern Illinois since at least 1979.

11.     Chemtool markets itself as "a premium manufacturer of lubricants and grease products in the Americas" offering products "that are used in a multitude of markets and applications."[3]

12.     In 2008, Chemtool built the Rockton Plant in the Village of Rockton, Illinois.

13.     At all relevant times, Chemtool operated the Rockton Plant.

14.     The Rockton Plant produced lubricants, grease products, and other fluids.

15.     Chemtool and Lubrizol have a history of state and federal environmental violations.

16.     In 2009, McHenry County, Illinois health authorities sued Chemtool for polluting soil and wetlands surrounding its 58-acre headquarters with sewage and other contaminants.[4]

17.     In 2019, the French subsidiary of Lubrizol was charged with pollution and failing to meet safety standards after an explosion and fire at its plant in Rouen, France.

18.     The blaze at the Rouen plant began on September 26, 2019 and caused a fire and a toxic smoke and dust plume that persisted for several days, spreading across the region and leading to irreparable harm to local homes and businesses.[5]

19.     The community of Rockton, Illinois has approximately 7,500 residents.

20.     Numerous residential, commercial, and public properties are located within three miles of the Rockton Plant. These properties include:

---

[3] https://www.chemtool.com/

[4] https://prev.dailyherald.com/story/?id=294766

[5] https://www.mystateline.com/news/lubrizol-which-owns-rockton-chemtool-plant-had-similar-fire-in-france-in-2019/

(a)      Homes, schools, commercial buildings and stores, churches, and athletic fields;

(b)      Rockton Middle School Grade School, located 0.2 miles from the Rockton Plant;

(c)      Whitman Post Elementary School, located 0.3 miles from the Rockton Plant;

(d)      Fatt Cat Café, located 0.4 miles from the Rockton Plant;

(e)      Taylor Company, located 0.5 miles from the Rockton Plant;

(f)      River Chapel, located 0.58 miles from the Rockton Plant;

(g)      Rockton United Methodist Church Parsonage, located 0.6 miles from the Rockton Plant;

(h)      Coral Cove Family Fun Center, located 0.82 miles from the Rockton Plant;

(i)      Catch the Wave Swim Club, located 0.83 miles from the Rockton Plant;

(j)      Hononegah Community High School, located 0.9 miles from the Rockton Plant;

(k)      Old Stone Congregational Church, located 0.94 miles from the Rockton Plant;

(l)      World of Dreams Daycare, located 1.14 miles from the Rockton Plant;

(m)      South Beloit High School, located 1.16 miles from the Rockton Plant;

(n)      Whitman Post Elementary, located 1.16 miles from the Rockton Plant;

(o)      St. Andrew Preschool, located 1.22 miles from the Rockton Plant;

(p)      Rockton Grade School, located 1.26 miles from the Rockton Plant;

(q)      Rockton Athletic Fields, located 1.55 miles from the Rockton Plant;

(r)      Unitarian Universalist Congregation of Rock Valley, located 1.66 miles from the Rockton Plant;

(s)      Riverview School, located 1.79 miles from the Rockton Plant;

(t)     Swedish American Stateline Clinic, located 1.87 miles from the Rockton Plant;

(u)     St. Peters Catholic School, located 1.96 miles from the Rockton Plant;

(v)     Prince of Peace Church, located 2 miles from the Rockton Plant;

(w)     Macktown Golf Course, located 2.09 miles from the Rockton Plant;

(x)     Pearl Lake RV Resort, located 2.16 miles from the Rockton Plant;

(y)     Blair's Farm & Fleet, located 2.23 miles from the Rockton Plant;

(z)     ALDI, located 2.34 miles from the Rockton Plant;

(aa)    Gaston Elementary School, located 2.34 miles from the Rockton Plant;

(bb)    Walmart Supercenter, located 2.43 miles from the Rockton Plant;

(cc)    Hackett Elementary School, located 2.55 miles from the Rockton Plant;

(dd)    Stephen Mack Middle School, located 2.7 miles from the Rockton Plant; and

(ee)    Beloit College, located 3 miles from the Rockton Plant.

21.     Figure 1, below, depicts a three-mile radius around the Rockton Plant.



Figure 1

22.     Defendants stored lead, antifreeze, nitrogen, sulfuric acid, and other chemicals at the Rockton Plant.

23.     At all relevant times, the risk of a chemical fire, explosions, and release of a toxic smoke and dust plume at the Rockton Plant was reasonably foreseeable to Defendants.

24.     At all relevant times, it was reasonably foreseeable to Defendants that the risk of a chemical fire, explosions, and release of a toxic smoke and dust plume at the Rockton Plant could impact the properties and present a hazard to the class members located near the Rockton Plant.

**D.      The Explosion and the Ensuing "Environmental Nightmare"**

25.     On June 14, 2021, a fire and explosions occurred at the Rockton Plant, resulting in a massive toxic smoke and dust plume.  The plume was so large that it was detected by weather satellites and could be observed 56 miles away from the Rockton Plant.

26.     Figures 2, 3, 4, and 5, below, depict the smoke and dust plume.



Figure 2



Figure 3



Figure 4



Figure 5

27.     The severity of the disaster was accurately captured by drone footage available at https://www.youtube.com/watch?v=rX6zCDkMSRY.

28.     Nearly 90 fire departments and associated personnel and equipment were dispatched to the scene to assist in responding to the massive, six-alarm fire.

29.     Defendants had not informed and did not inform the emergency responders of the type and amount of chemicals that were contained within the Rockton Plant.

30.     Defendants had not consulted and did not consult with emergency responders to develop an emergency response plan to extinguish a fire at the Rockton Plant without causing significant environmental damage to the Rock River and surrounding aquifers.

31.     As a result of Defendants' failure to plan for such an emergency, the emergency responders were not equipped with proper fire suppression systems and equipment to extinguish the fire.

32.     As a result of Defendants' failure to develop an appropriate emergency response plan, firefighting authorities were forced to allow the materials at the Rockton Plant to burn.

33.     The fire at the Rockton Plant burned for several days and flare-ups continued to occur through June 19, 2021.  The fire was not officially declared extinguished until June 23, 2021, nine days after it began.

34.     Authorities in Winnebago County, Illinois issued an executive proclamation of disaster emergency in response to the fire, explosions, and resulting toxic smoke and dust plume and ordered residents within a one-mile radius of the Rockton Plant to evacuate ("Evacuation Order").

35.     The Evacuation Order displaced residents from more than 150 homes.

36.     During the period of evacuation, evacuated residents were unable to return to their homes to obtain personal items and necessities, including medication, technology, and communication devices to inform loved ones of their wellbeing.

37.     Winnebago County, Illinois authorities advised residents within a three-mile radius of the Rockton Plant to wear masks to protect against inhalation of potentially toxic and harmful chemicals and to remain indoors.

38.     Winnebago County, Illinois authorities advised residents not to use HVAC systems.

39.     The explosion and fire deposited various debris on property as far as five miles from the Rockton Plant.

40.     Winnebago County, Illinois authorities advised residents not to touch any of the debris that was deposited onto their properties but to have it removed by professionals experienced in working with hazardous materials.

41.     Winnebago County, Illinois authorities cautioned residents against using their lawn mowers due to concerns about the composition of particulates that settled on residents' properties.

42.     Illinois Governor J.B. Pritzker activated personnel from numerous state agencies and departments, including the Illinois Emergency Management Association, State Police, the Illinois National Guard, and the Illinois Department of Public Health, to participate in the response to the fire.

43.     Governor Pritzker activated the State Emergency Operation Center to help coordinate the response to the fire.

44.     The Illinois Department of Transportation, the Illinois Environmental Protection Agency, the State Fire Marshal's Office, the American Red Cross, and the Salvation Army were also mobilized to assist in the response.

45.     Officials from the U.S. Environmental Protection Agency, the U.S. Department of Health and Human Services, and the Federal Emergency Management Agency also provided support to the response.

46.     On June 16, 2021, officials from the Illinois Environmental Protection Agency requested that the Illinois Attorney General take legal action against Chemtool to stop the release of pollutants from the chemical fire, including sulfuric acid, particulate matter, and other air contaminants.

47.     On July 9, 2021, the Illinois Attorney General and the State's Attorney of Winnebago County filed a complaint in the Circuit Court of the Seventeenth Judicial Circuit, Winnebago County, Chancery Division, seeking preliminary injunctive relief to enjoin Chemtool

from creating any further substantial endangerment to the environment and public health and welfare and from committing any further violations of the Illinois Environmental Protection Act.

### E. Community Impacts from the Rockton Plant Fire and Explosion

48.     Beginning on June 14, 2021 and continuing through the date of this Consolidated Amended Complaint, class members have been unable to use and enjoy their indoor and outdoor property as a result of the debris and poor air quality caused by the fire, explosions, and toxic smoke and dust plume.

49.     Rockton residents, as well as residents of neighboring towns, have reported that the debris, smoke, dust, and air quality resulting from the fire, explosions, and toxic smoke and dust plume have caused nuisance-level physiological harms, including respiratory difficulty, offensive smells, nausea, and headaches, which have further impaired their ability to use and enjoy their properties.

50.     The Illinois Environmental Protection Agency took wipe samples at locations close to the Rockton Plant on June 17, 2021 and the publicly available results demonstrate that several chemical analytes were detected above the reporting limit, including aluminum, barium, boron, calcium, chromium, iron, magnesium, manganese, potassium, strontium, and zinc.[6]

51.     At the time of the fire and explosions, Plaintiffs Mackey and Migliore were at their home at 800 Watts Avenue in Rockton, Illinois. Plaintiffs Mackey and Migliore evacuated their home on June 14, 2021 pursuant to the mandatory evacuation order.

52.     At the time of the fire and explosions, Plaintiff Henderson was at her home at 211 Foxfire Place in Rockton, Illinois. She and her family evacuated their home on June 14, 2021 and did not fully return until June 21, 2021.

---

[6] https://www2.illinois.gov/epa/topics/community-relations/sites/Chemtool/Documents/ILEPA%20Wipe%20Samples%2021F0726%20Chemtool.pdf.

53.     As a result of the fire, explosions, and resulting toxic smoke and dust plume, toxic and harmful substances, smoke, debris, particulate matter, other dust, and other pollutants have been deposited in, on, and around Plaintiffs' properties.

54.     As a result of the fire, explosions, and resulting toxic smoke and dust plume, Plaintiffs had and continue to have concerns about their own wellbeing and the wellbeing of their families because their residences were directly impacted by the plume, which has further interfered with their ability to use and enjoy their properties.

55.     Plaintiffs and their families have not been able to use and enjoy their homes and properties as expected.

56.     At all relevant times, Defendants failed to act with reasonable care.

57.     Defendants failed to prevent the fire, explosions, and the resulting toxic smoke and dust plume.

58.     Defendants failed to discover the hazards that resulted in the fire, explosions, and resulting toxic smoke and dust plume, where such hazards could have been discovered by the exercise of ordinary care.

59.     Defendants failed to act with reasonable care to take sufficient precautions which would have prevented or mitigated the fire, explosions, and resulting toxic smoke and dust plume.

60.     Defendants failed to act with reasonable or ordinary care to prevent toxic chemicals, dust, and hazardous by-products from being released into the environment and onto the properties of Plaintiffs and the other Class members.

61.     Defendants failed to act with reasonable or ordinary care to contain the discharge of toxic smoke, dust, and hazardous by-products after the fire and explosions occurred.

62.     At all relevant times, it was foreseeable to Defendants that their failures would seriously injure Plaintiffs and the other Class members.

### F.     CLASS ACTION ALLEGATIONS[7]

63.     Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs seek to certify and represent a class defined as:

> All current Illinois citizens who were, on June 14, 2021, owners or tenants of property located in Illinois within a three-mile radius of the Rockton Plant.

64.     Specifically excluded from the Class are Defendants, including any parent, subsidiary, affiliate, or controlled person of Defendants; Defendants' officers, directors, agents, or employees, the judicial officers assigned to this litigation and any members of their staff and immediate family, and any juror assigned to this action.

65.     Plaintiffs reserve the right to amend or modify the Class definition with greater specificity or division after having had an opportunity to conduct discovery.

66.     **Numerosity.** Upon information and belief, there are hundreds of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiffs, thousands of people live in Rockton alone and thousands of pieces of property were affected. Class members may be identified through objective means, including objective data available to the Parties regarding the persons and property present in the affected areas following the explosion and fire. Class members may be notified of the pendency of this action by

---

[7] As stated *supra* n.2, Plaintiffs originally filed their complaints against Chemtool and Lubrizol in Winnebago County Circuit Court, citing Illinois Code of Civil Procedure 735 ILCS 5/2-801 with regard to their class action allegations. In this Consolidated Amended Complaint, Plaintiffs cite Fed. R. Civ. P. 23 for those allegations. Plaintiffs' arguments for class certification pursuant to Fed. R. Civ. P. 23 as to Lubrizol are set out in more detail in their Motion for Class Certification filed on April 3, 2023. *See Mackey* Dkt. 151. Plaintiffs do not waive their class allegations pursuant to 735 ILCS 5/2-801.

recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, social media and/or published notice. Thus, pursuant to Fed. R. Civ. P. 23(a)(1), the large size of the Class renders the Class so numerous that joinder of all individual members is impracticable.

67.     **Predominance of Common Questions of Law or Fact.** The claims and defenses in this case present numerous common questions of law and fact, which predominate over any questions affecting only individual Class members. Common questions include, but are not limited to the following:

(a)     Whether Defendants engaged in the wrongful conduct alleged herein;

(b)     Whether Defendants caused the release of toxic particulate matter into the Rockton community resulting from the fire at the Rockton Plant fire;

(c)     Whether Defendants failed to use the appropriate standard of care in allowing the fire at the Rockton Plant to occur;

(d)     Whether Defendants failed to use the appropriate standard of care in failing to contain and suppress the fire at the Rockton Plant once it occurred;

(e)     Whether Defendants omitted required, reasonable, or minimal safety measures resulting in the fire at the Rockton Plant;

(f)     Whether Defendants failed to follow required, reasonable, or minimal safety measures that would have mitigated the fire at the Rockton Plant;

(g)     Whether Defendants engaged in ultrahazardous activities;

(h)     Whether Defendants were negligent;

(i)     Whether Defendants created a nuisance;

(j)     Whether Defendants trespassed on Class members' properties;

(k)     Whether Plaintiffs and the other Class members suffered injury and damages as a result of Defendants' conduct; and

(l)      Whether Plaintiffs and the other Class members are entitled to damages, equitable relief, and other relief.

68.     Plaintiffs share a common interest with the other Class members in the objectives of the action and the relief sought.

69.     Plaintiffs' claims satisfy the commonality requirement of Fed. R. Civ. P. 23(a)(2) and the predominance requirement of Fed. R. Civ. P. 23(b)(3), because they arise from Defendants' course of conduct which led to the single incident affecting all of the Class members and are based on the same legal theories as all other Class members' claims.

70.     **Adequacy and Typicality.** Pursuant to Fed. R. Civ. P. 23(a)(4), Plaintiffs can and will adequately represent the other Class members and their interests are common to and coincident with them. By proving their individual claims, Plaintiffs will necessarily prove the other Class members' claims and prove Defendants' class-wide liability. Plaintiffs have no known conflicts of interest with any of the other Class members, their interests and claims are not antagonistic to those of any other Class member, nor are their claims subject to any unique defenses.

71.     Moreover, pursuant to Fed. R. Civ. P. 23(a)(3), Plaintiffs' claims are typical of the claims of all other Class members because all such claims arise from Defendants' conduct as alleged herein.

72.     Plaintiffs and the other Class members' legal claims arise from the same single event, namely, the Rockton Plant fire, followed by a series of explosions emitting debris and a toxic smoke and dust plume throughout the Rockton, Illinois area and beyond. The material facts underlying each Class member's claim are the same material facts as those supporting Plaintiffs' claims alleged herein and require proof of the same material facts.

73. Plaintiffs, therefore, can and will fairly and adequately protect and represent the other Class members' interests.

74. Plaintiffs' counsel—Foote, Mielke, Chavez & O'Neil, LLC, Williams McCarthy LLP, Miner, Barnhill & Galland, P.C., The Collins Firm, DiCello Levitt Gutzler LLC, Hart McLaughlin & Eldridge, LLC, and Romanucci & Blandin, LLC—have extensive experience in environmental and toxic tort litigation and class actions, and have sufficient personnel and adequate financial resources to ensure that the interests of the Class will be adequately represented.

75. If appointed Class representatives, Plaintiffs are aware of, and are committed to, faithfully upholding their fiduciary duties to absent Class members.

76. Plaintiffs and their counsel are committed to the vigorous prosecution of this action and will allocate the appropriate time and resources to ensure that the Class is fairly represented.

77. Plaintiffs and their counsel will, therefore, fairly and adequately assert and protect the interests of the Class.

78. **Superiority of the Class Action to Other Available Methods**. A class action is superior to any other method for fairly and efficiently adjudicating the controversy, as required by Fed. R. Civ. P. 23(b)(3). For the vast majority of the thousands of class-area households, the costs and burdens of prosecuting their own lawsuits would be prohibitive. Class treatment of this controversy will be cost-efficient for the parties and the Court, and will promote uniformity of decision. The manageability challenges presented in this class action will be simpler than the challenge of litigating each household's claim individually.

### G.     CLAIMS ALLEGED[8]

**COUNT I**
**Negligence**
**(Against Chemtool and Lubrizol)**

79.     Plaintiffs adopt and incorporate all prior paragraphs, as though fully set forth herein.

80.     Defendants knew or should have known of the risk of fire and explosion at the Rockton Plant.

81.     Defendants knew or should have known of the risk that a fire and explosion at the Rockton Plant would result in the release of toxic substances into the surrounding neighborhood.

82.     Defendants knew or should have known of the risk that a fire and explosion at the Rockton Plant would result in the release of toxic and harmful dust, particulate matter, smoke, debris and pollutants into the surrounding neighborhood.

83.     Defendants knew or should have known that the release of toxic and harmful substances, smoke, debris, particulate matter, other dust, and/or other pollutants would pose a risk of serious damage to, diminution in the value of, and loss of use and enjoyment of the affected property.

84.     Defendants had a duty to Plaintiffs and the other Class members to exercise reasonable care to prevent the foreseeable interference with Class members' use and enjoyment of their properties that has resulted from the release of toxic and harmful substances, smoke,

---

[8] Plaintiff Henderson's original complaint included a count for willful and wanton conduct and supporting factual allegations. *See Henderson* Dkt. 1. Defendants moved to dismiss the allegations of willful and wanton conduct, and the Court subsequently struck Defendants' motion without prejudice. *See Henderson* Dkt. 44. The parties subsequently agreed to dismiss the allegations of willful and wanton conduct, and the associated count, without prejudice, and Plaintiffs reserved their right to revive the willful-and-wanton count and related factual allegations. *See Henderson* Dkt. 45.

debris, particulate matter, other dust, and/or other pollutants from the fire, explosion, and resulting smoke and dust plume.

85.     Defendants had a duty to prevent the release of toxic and harmful substances, smoke, debris, particulate matter, other dust, and/or other pollutants from the Rockton Plant.

86.     Defendants breached the duties that it owes to Plaintiffs and each of the other Class members, to exercise reasonable care, which has caused property damage, including but not limited to lost profits; loss of use and enjoyment of property; investigation, cleanup, and remediation of the property; and diminution of property value.

87.     Specifically, Defendants breached that duty by, *inter alia*:

(a)     Failing to comply with their regulatory obligations to take measures to identify and prevent the risk of fire and explosion at the Rockton Plant;

(b)     Failing to comply with their regulatory obligations to inform emergency responders of the hazards associated with responding to a fire and explosion at the Rockton Plant;

(c)     Failing to comply with their regulatory obligations to develop appropriate emergency response plans to minimize the catastrophic effect of a fire and explosion;

(d)     Choosing not to take sufficient precautions to prevent a fire;

(e)     Choosing not to take sufficient precautions to prevent an explosion;

(f)     Choosing not to take sufficient precautions to suppress and/or extinguish a fire;

(g)     Allowing enormous amounts of toxic and harmful substances, smoke, debris, particulate matter, other dust, and/or other pollutants to be deposited on Class members' properties; and/or

(h)     Otherwise failing to take sufficient precautions to control the emissions of toxic and harmful substances, smoke, debris, particulate matter, other dust, and/or other pollutants from Class members' property.

88.     As a direct and proximate cause of one or more of the aforementioned negligent acts or omissions, Plaintiffs and the other Class members have sustained, and continue to sustain, property damage.

89.     As a direct and proximate cause of one or more of the aforementioned negligent acts or omissions, Plaintiffs and the other Class members have incurred, and will continue to incur, monetary damages arising from the property damage, including but not limited to lost profits; loss of use and enjoyment of property; investigation, cleanup, and remediation of the property; and diminution of property value.

## COUNT II
### Nuisance
### (Against Chemtool and Lubrizol)

90.     Plaintiffs adopt and incorporates all prior paragraphs, as though fully set forth herein.

91.     Defendants knew or should have known of the risk of fire and explosion at the Rockton Plant.

92.     Defendants knew or should have known of the risk that a fire and explosion at the Rockton Plant would result in the release of toxic and harmful dust, particulate matter, smoke, debris and pollutants into the surrounding neighborhood.

93.     The fire and explosions at the Rockton Plant caused the uncontrolled discharge of toxic and harmful substances, smoke, debris, particulate matter, other dust, and/or other pollutants, which invaded the Plaintiffs' and the other Class members' properties, and Plaintiffs and the other Class members did not consent to the entry of such materials onto their properties.

94.     Defendants knew or should have known that they caused the disposal and invasion of toxic and harmful substances, smoke, debris, particulate matter, other dust, and/or

other pollutants on the Plaintiffs' and the other Class members' properties but have failed to remove such material from the Plaintiffs' and the other Class members' properties.

95.     Defendants' uncontrolled discharge of toxic and harmful substances, smoke, debris, particulate matter, other dust, and/or other pollutants and the disposal and invasion thereof onto the Plaintiffs' and the other Class members' properties is unreasonable and unlawful.

96.     The discharge, disposal, and invasion of toxic and harmful substances, smoke, debris, particulate matter, other dust, and/or other pollutants onto Plaintiffs' and the other Class members' properties have substantially interfered with the lawful rights of Plaintiffs and the other Class members to use and enjoy their properties, which constitutes a private nuisance.

97.     The nuisance described above continues to this day and has adversely impacted the life of Plaintiffs and the other Class members.

98.     The nuisance described above has unreasonably, negligently, and recklessly interfered with the comfortable use and enjoyment of life and property, has diminished Plaintiffs' and the Class members property values, and has thereby created a common law nuisance, for reasons of which Defendants are liable to the Plaintiffs and the other members of the Class Plaintiffs represent.

99.     As a direct and proximate result of this nuisance, Plaintiffs and the other Class members suffered unacceptable and unreasonable interference with their rights to use and enjoy their properties, interference they should not be required to suffer without compensation.

100.     As a direct and proximate cause of the nuisance, Plaintiffs and the other Class members have incurred, and will continue to incur, monetary damages arising from the lost use and enjoyment of their property caused by Defendants' conduct.

<u>**COUNT III**</u>
**Trespass**
**(Against Chemtool and Lubrizol)**

101.    Plaintiffs adopt and incorporate all prior paragraphs, as though fully set forth herein.

102.    Defendants knew or should have known of the risk of fire and explosion at the Rockton Plant.

103.    Defendants knew or should have known of the risk that a fire and explosion at the Rockton Plant would result in the release of toxic and harmful dust, particulate matter, smoke, debris and pollutants into the surrounding neighborhood.

104.    Defendants knew or should have known that the release of toxic and harmful substances, smoke, debris, particulate matter, other dust, and/or other pollutants into the surrounding neighborhood would pose a risk of serious damage to, diminution in the value of, and loss of use and enjoyment of the affected property.

105.    The fire and explosions at the Rockton Plant caused the uncontrolled discharge of toxic and harmful substances, smoke, debris, particulate matter, other dust, and/or other pollutants, which invaded the property in which Plaintiffs and the other Class members have an interest, and Plaintiffs and the other Class members did not consent to the entry of such materials onto these properties.

106.    Defendants are aware that they caused the disposal and invasion of toxic and harmful substances, smoke, debris, particulate matter, other dust, and/or other pollutants on the Plaintiffs' and the Class members' properties but have failed to remove the toxic and harmful substances, smoke, debris, particulate matter, other dust, and/or other pollutants from the properties.

107.     Defendants' uncontrolled discharge of toxic and harmful substances, smoke, debris, particulate matter, other dust, and/or other pollutants and the disposal and invasion thereof onto the Plaintiffs' and the other Class members' properties is unreasonable and unlawful, and such discharge, disposal and invasion have substantially interfered with the lawful rights of Plaintiffs and the other Class members to use and enjoy their properties, constituting an unlawful trespass.

108.     The trespass is continuing and ongoing.

109.     Defendants' interference with Plaintiffs' and Class members' possessory rights was unreasonable and foreseeable.

110.     As a direct and proximate result of the trespass, Plaintiffs and Class members sustained and will continue to sustain a loss of ability to use and enjoy their properties.

111.     As a direct and proximate cause of the trespass, Plaintiffs have incurred, and will continue to incur, monetary damages arising from the lost use and enjoyment of their property caused by Defendants' conduct.

## COUNT IV
### Trespass to Chattels
### (Against Chemtool and Lubrizol)

112.     Plaintiffs adopt and incorporate all prior paragraphs, as though fully set forth herein.

113.     Defendants knew or should have known of the risk of fire and explosion at the Rockton Plant.

114.     Defendants knew or should have known of the risk that a fire and explosion at the Rockton Plant would result in the release of toxic and harmful dust, particulate matter, smoke, debris and pollutants into the surrounding neighborhood.

115.     Defendants knew or should have known that the release of toxic and harmful substances, smoke, debris, particulate matter, other dust, and/or other pollutants would pose a risk of serious damage to, diminution in the value of, and loss of use and enjoyment of the affected property.

116.     The explosions and fire at the Rockton Plant caused the uncontrolled discharge of toxic and harmful substances, smoke, debris, particulate matter, other dust, and/or other pollutants, which invaded the property in which the Plaintiffs and the other Class members have an interest, dispossessing and intermeddling them of a chattel.

117.     Plaintiffs and the other Class members did not consent to the entry of toxic and harmful substances, smoke, debris, particulate matter, other dust, and/or other pollutants onto their properties.

118.     Defendants are aware that they caused the disposal and invasion of toxic and harmful substances, smoke, debris, particulate matter, other dust, and/or other pollutants on the Plaintiffs' and the other Class members' properties, dispossessing and intermeddling them of a chattel, but have failed to remove the smoke and particles from the properties.

119.     Defendants' uncontrolled discharge of toxic and harmful substances, smoke, debris, particulate matter, other dust, and/or other pollutants and the disposal and invasion thereof onto the Plaintiffs' and the other Class members' properties is unreasonable and unlawful and has substantially interfered with the lawful rights of Plaintiffs and the other Class members to use and enjoy their properties.

120.     The trespass is continuing and ongoing.

121.     Defendants' interference with Plaintiffs' and the other Class members' possessory rights was unreasonable and foreseeable.

122.     As a direct and proximate result of the trespass, Plaintiffs and the other Class members sustained and will continue to sustain a loss of ability to use and enjoy their properties.

123.     As a direct and proximate cause of the trespass, Plaintiffs and the other Class members have incurred, and will continue to incur, monetary damages arising from the lost use and enjoyment of their property caused by Defendants' conduct.

### H.     REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the other Class members, respectfully requests that this Court:

(a)     Issue an order certifying this action as a class action pursuant to Federal Rule of Civil Procedure 23 in the manner described above;

(b)     Appoint Plaintiffs Mackey, Migliore, and Henderson as Class representatives and their undersigned counsel as Class counsel;

(c)     Issue a class-wide judgment holding Defendants liable for the reasons described above for their unlawful conduct causing Plaintiffs and the other Class members to sustain damages resulting therefrom;

(d)     Enter a judgment declaring that Defendants have committed the violations of law alleged herein;

(e)     Award Plaintiffs and the other Class members compensatory damages in an amount that is fair, just, and reasonable, to be determined at trial;

(f)     Award pre-judgment and post-judgment interest to Plaintiffs and the other Class members as permitted by law;

(g)     Award reasonable attorneys' fees;

(h)     Award costs of suit, including expert witness fees, to the Plaintiffs and proposed Classes pursuant to Federal Rule of Civil Procedure 54(d); and

(i)     Order equitable, injunctive, and declaratory relief requiring Defendants to:

(1)     Provide all class members with particulate masks;

(2)     Provide all class members with high efficiency particulate air filters for their homes;

(3)     Conduct immediate testing and sampling of the air and groundwater to detect the presence of toxins and other chemicals potentially hazardous to human health;

(4)     Immediately and publicly disclose all information regarding the toxins and other compounds that comprised the plume;

(5)     Institute perimeter particulate matter monitoring at the fence line of the Rockton Plant;

(6)     Install additional air quality monitors in all affected areas;

(7)     Provide a full cleanup of all affected residences, businesses, and common areas;

(8)     Wash the exterior of buildings in all affected areas;

(9)     Wash the streets and sidewalks in all affected areas;

(10)    Provide alternative housing for class members for the duration of the cleanup process;

(11)    Provide funds for an independent third-party assessor to evaluate and provide estimates to class member property owners regarding property damage and diminution in property value; and

(12)    Any and all additional relief that the Court deems just and proper.

## I.    JURY DEMAND

Plaintiffs, individually and on behalf of the other proposed Class members, demand a trial by jury on all issues herein so triable pursuant to Federal Rule of Civil Procedure 38.

Dated: April 18, 2023          Respectfully submitted,

                         /s/ Robert S. Libman
                         Robert S. Libman
                         One of the Attorneys for Plaintiffs

Robert S. Libman
rlibman@lawmbg.com
Benjamin J. Blustein
bblustein@lawmbg.com
Scott A. Entin
sentin@lawmbg.com
Deanna N. Pihos
dpihos@lawmbg.com
Roisin Duffy-Gideon
rduffy@lawmbg.com
Angelys Torres McBride
atorres@lawmbg.com
Miner, Barnhill & Galland, P.C.
325 N. LaSalle St., Ste. 350
Chicago, IL 60654
312.751.1170

Sarah E. Siskind
ssiskind@lawmbg.com
Miner, Barnhill & Galland, P.C.
44 E. Mifflin St., Ste. 803
Madison, WI 53703
608.255.5200

Edward J. Manzke
ejmanzke@collinslaw.com
Shawn Collins
shawn@collinslaw.com
Margaret E. Galka
mgalka@collinslaw.com
The Collins Law Firm, PC
1770 Park St., Ste. 200
Naperville, IL 60563
630.527.1595

Daniel R. Flynn
dflynn@dicellolevitt.com
Anna C. Skinner (*pro hac vice*)
askinner@dicellolevitt.com
DiCello Levitt Gutzler LLC
Ten North Dearborn St.
Chicago, IL 60602
312.214.7900

Robert M. Foote
rmf@fmcolaw.com
Foote, Mielke, Chavez & O'Neil LLC
Ten W. State St., Ste. 200
Geneva, IL 60134
630.232.7450

Steven A. Hart
shart@hmelegal.com
Charles R. Vogt
cvogt@hmelegal.com
Hart McLaughlin & Eldridge, LLC
One S. Dearborn, Ste. 1400
Chicago, IL 60603
312.985.9389

David A. Neiman
dneiman@rblaw.net
Romanucci & Blandin, LLC
321 N. Clark St., Ste. 900
Chicago, IL 60654
312.458.1000

John James Holevas
jholevas@wilmac.com
Marc Gravino
mgravino@wilmac.com
WilliamsMcCarthy
120 W. State St.
Rockford, IL 61105-0219
815.987.8500