IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| STEPHANIE MACKEY, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 3:21-cv-50283 |
| | ) |
| CHEMTOOL INCORPORATED, *et al.*, | ) The Honorable Iain D. Johnston |
| | ) The Honorable Lisa A. Jensen |
| Defendants. | ) |
| | ) |
| v. | ) |
| | ) |
| HOLIAN INSULATION COMPANY, INC. | ) |
| | ) |
| Third-Party Defendant. | ) |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE**

**SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

Plaintiffs Stephanie Mackey, Nick Migliore, and Sara Henderson, individually and on behalf of all others similarly situated, by and through their undersigned counsel, respectfully move for leave to file the proposed Second Amended Consolidated Class Action Complaint ("SAC") attached hereto as Exhibit 1. As explained, *infra*, the proposed SAC differs from the Consolidated Amended Class Action Complaint ("AC") in the following primary respects:

(1) The SAC reinstates Plaintiffs' Willful and Wanton Conduct claim, which was dismissed on March 14, 2022 pursuant to a Stipulation between Plaintiffs and Defendants Chemtool Incorporated ("Chemtool") and The Lubrizol Corporation ("Lubrizol") in *Henderson v. Chemtool, et al.* ("*Henderson*").[1] The Stipulation permits Plaintiffs to revive this claim "without leave of Court and without objection by Defendant;"

(2) The SAC adds factual allegations that are based on the investigation of Plaintiffs' counsel and discovery that has occurred since the filing of the original complaint, and that are well known to Chemtool and Lubrizol; and

(3) The SAC adds punitive damages against Chemtool and Lubrizol to Plaintiffs' Prayer for Relief.

## I. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Plaintiffs filed their original complaint in the *Mackey* lawsuit on June 18, 2021, asserting common law claims against Defendants arising out of a fire that began on June 14, 2021 at Chemtool's grease and lubricant manufacturing facility located at 1165 Prairie Hill Road in Rockton, Illinois ("Rockton Plant" or "Plant"). Plaintiffs filed their original action in the *Henderson* lawsuit on June 28, 2021.

On July 16, 2021, Defendants filed a motion to dismiss Count II of Plaintiffs' original complaint in *Henderson*, which alleged Willful and Wanton Conduct. *Henderson* ECF No. 6.

---

[1] As further explained, *infra*, on April 11, 2023, this Court granted Plaintiffs' motion to consolidate *Mackey, et al. v. Chemtool, et al.* (3:21-CV-50283) with *Henderson, et al. v. Chemtool, et al.* (3:21-CV-50285).

2

The parties filed a joint motion to hold Defendants' motion to dismiss in abeyance and stay upcoming deadlines (*Henderson* ECF No. 24), which was granted by this Court on August 18, 2021. *Henderson* ECF No. 25. On March 14, 2022, the parties filed a Stipulation to dismiss Count II of the *Henderson* complaint (and the factual allegations of willful and wanton conduct contained in paragraphs 64 through 69 of the amended class complaint) without prejudice, a copy of which is attached as Exhibit 2. *Henderson* ECF No. 45. The Parties' March 14, 2022 Stipulation specifically provides that "[a]t any time, Plaintiffs may elect to revive Count II, and the related allegations of willful and wanton conduct, by filing an Amended Complaint without leave of Court and without objection by Defendant." *Id*.

On April 11, 2023, this Court granted Plaintiffs' unopposed motion to consolidate *Henderson v. Chemtool, et al*. with *Mackey, et al. v. Chemtool, et al*. *Mackey* ECF No. 163. On April 18, 2023, Plaintiffs filed their AC. *Mackey* ECF No. 172. On May 3, 2023, Defendants filed their Answers and Affirmative Defenses to Plaintiffs' AC. *Mackey* ECF Nos. 189 & 190.

**II.   ARGUMENT**

    A.   <u>Legal Standard</u>

Rule 15(a) provides that leave to amend a pleading shall be freely given when justice so requires. Fed.R.Civ.P. 15(a). "[T]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Gonzalez v. Pioneer Indus. Sys., LLC*, No. 15-CV-11583, 2018 WL 1124419, at *2 (N.D. Ill. Mar. 1, 2018) (quoting *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008)). Leave to amend should be "freely given" in the absence of any apparent reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of

amendment." *Santora v. Starwood Hotel & Resorts Worldwide, Inc.*, No. 05 C 6391, 2007 WL 3037098, at *1 (N.D. Ill. Oct. 16, 2007) (quoting *Foman v. Davis*, 371 U.S. 178, 182, (1962)). "This liberal policy of granting amendments is based in part on the belief that decisions on the merits should be made whenever possible, absent countervailing considerations." *Olech v. Vill. of Willowbrook*, 138 F. Supp. 2d 1036, 1040 (N.D. Ill. 2000) (quoting *Gregg Commc'n Sys., Inc. v. Am. Telephone and Telegraph Co.*, 98 F.R.D. 715, 720 (N.D. Ill. 1983)).

      B.      <u>Plaintiffs should be granted leave to file their proposed Second Amended Complaint</u>

None of the possible reasons for denial of leave to amend are present here. The allegations in Plaintiffs' proposed SAC come as no surprise to Defendants and will not hinder their ability to present their case on the merits. *See Sencon Sys., Inc. v. W.R. Bonsal Co.*, No. 85 C 8250, 1988 WL 33842, at *7-8 (N.D. Ill. Apr. 6, 1988) (finding no surprise in amending a complaint, after the close of discovery but before trial, to include allegations of "malice," where the "defendant ha[d] been aware for some time of plaintiffs' claim for punitive damages"); *cf. Aldridge v. Forest River, Inc.*, 635 F.3d 870, 876 (7th Cir. 2011) (affirming denial of amendment where it "would have required reopening discovery and postponing the trial"). Some are matters to which Defendants have previously either consented or not objected. The remainder are factual allegations that conform the complaint to the evidence developed by Plaintiffs since the filing of the original complaint, consisting of documents produced by Defendants, documents produced by third parties that were provided to Defendants at the time they were created, or deposition testimony from Defendants' employees. Plaintiffs file this motion in advance of the July 28, 2023 deadline to amend pleadings established by this Court's August 26, 2022 Order (*see Mackey* ECF No. 90).

      1.      <u>Reinstatement of Willful and Wanton Conduct Claim</u>

4

The March 14, 2022 Stipulation (Exh. 2) allows Plaintiffs to reinstate Count II, their Willful and Wanton Conduct claim, at any time. Plaintiffs are making this election now.[2]

2. Factual allegations based on the investigation of Plaintiffs' counsel and discovery that has occurred since the filing of the original complaint

The SAC also seeks to add factual allegations based on the investigation of Plaintiffs' counsel and discovery that has occurred since the filing of the original complaint. These new allegations generally fall into one of three categories and, as explained below, come as no surprise to Defendants.

First, the SAC adds factual allegations that identify the nature and quantity of chemical and other materials present in the Plant on the day of the fire (SAC, ¶¶ 22, 33). These allegations are based on documents and information produced by Defendants to Plaintiffs, and are further described in the declarations of Plaintiffs' chemical engineering expert, Dr. Ranajit Sahu, which were attached to pleadings filed in this case and served on Defendants many months ago.

Second, the SAC adds factual allegations that summarize or quote from public documents, statements made by public health officials, or media reports regarding harms caused by and resulting from the fire and precautions residents should take to protect themselves (SAC, ¶¶ 40-43, 45-46). Like the first category, the factual allegations in this category are familiar to

---

[2] The Stipulation further provides that "[i]n the event Plaintiffs elect to revive Count II, Defendant's Motion to Dismiss Count II, which is currently pending, is also revived and Defendant may elect to schedule a hearing at any time thereafter." However, because the present motion seeks to add new factual allegations supporting Plaintiffs' Willful and Wanton Conduct claim in light of the investigation of Plaintiffs' counsel and discovery that has occurred since the filing of the original complaint, *see* Section II.B.2 *infra*, (and Plaintiffs acknowledge that the Stipulation "does not permit Plaintiffs to add or alter the language in the Complaint in any other way without leave of Court" and therefore are not relying on the Stipulation to support their motion for leave to add such new factual allegations), Plaintiffs respectfully suggest that rather than reviving Defendants' motion to dismiss Count II, any briefing on a motion to dismiss Count II should start anew, as Plaintiffs intend to rely on the new factual allegations of the SAC in opposing any such motion.

5

Defendants because they are matters of public record and have been cited in prior pleadings or correspondence in this case.

Third, the SAC adds factual allegations supporting Plaintiffs' willful and wanton conduct claim (SAC, ¶¶ 55-79) including:

- prior leaks of hot oil and fires at the Rockton Plant (SAC, ¶ 58);

- annual fire safety inspection reports prepared by Nelson Fire Protection Company and provided to Defendants between 2015 and 2020 that recommended installation of sprinklers in the area of the Rockton Plant where the fire began, recommendations that Defendants ignored (SAC, ¶¶ 60-61);

- annual Risk Reports prepared by Defendants' first party insurer, FM Global, and provided to Defendants between 2014 and 2020 that identified the risks and hazards in the Rockton Plant and recommended, *inter alia*, installation of sprinklers in the area where the fire began and spread, replacement of the improper insulation surrounding the hot oil piping system in the area where the fire began, and installation of automatic shutoffs for the hot oil system, recommendations that Defendants ignored (SAC, ¶¶ 62, 69, 71-73);

- guidance from Paratherm, a division of Lubrizol, which recommended automated sprinkler systems to contain and extinguish fires of the hot oil that leaked and ignited to begin the fire, and the use of non-wicking insulation, recommendations Defendants ignored (SAC, ¶¶ 63, 70-71);

- a 2017 audit of the Rockton Plant conducted by Dow Chemical Company that reported to Defendants that the Plant stored and handled flammable raw materials in drum quantities without adequate fire protection systems in place, and without the use of dip-pipes to limit static and vapor generation and Defendants response that installation of such systems would be cost prohibitive (SAC, ¶ 64);

- Defendants' failure to drain hot oil from the pipes where contractors were performing insulation replacement work on the day of the fire, which would have eliminated the risk of a leak of hot oil (SAC, ¶¶ 74-76); and

- Defendants' knowledge that its fire suppression system in the Rockton Plant prior to the fire did not meet fire code requirements (SAC, ¶ 65).

6

These allegations are based on documents produced by Defendants, documents produced by third parties that were provided to Defendants at the time they were created, or deposition testimony from Defendants' employees. They come as no surprise to Defendants.

### 3. Adding punitive damages against Defendants to Plaintiffs' prayer for relief

Plaintiffs' proposed SAC alleges Defendants had extensive knowledge of the risk of hot oil leaks and catastrophic fire at the Plant, yet repeatedly ignored warnings and recommendations to mitigate that risk (SAC, ¶¶ 88-89, 91-93). Defendants' numerous failures to mitigate these known risks rendered the Plant a ticking time bomb, and constitute utter indifference and conscious disregard for the safety of Plaintiffs and the putative class. The June 14, 2021 fire and resulting harm to Plaintiffs and the putative class were a foreseeable consequence of Defendants' recklessness.

Correspondingly, Plaintiffs' proposed SAC includes a request for punitive damages. Again, this amendment will come as no surprise to Defendants, who have been aware of Plaintiffs' Willful and Wanton Conduct claim since Plaintiffs filed their original complaint in June 2021. *See Sencon Sys., Inc.*, 1988 WL 33842, at *7-8 (allowing amendment to add allegations of "malice" where "defendant ha[d] been aware for some time of plaintiff's claim for punitive damages"). And in any case, Plaintiffs propose this amendment in advance of the July 28, 2023 deadline; accordingly, allowing the amendment will not cause any delay. *See Gonzalez,* 2018 WL 1124419, at *3-4 (granting leave to file an amended complaint including a request for punitive damages where "[d]efendant will still be able to move for summary judgment").[3]

---

[3] Plaintiffs' punitive damages claim is not subject to Illinois state procedural rules. 735 ILCS 5/2-604.1, which requires plaintiffs to file a motion for leave to seek punitive damages, "'is procedural and does not apply' in federal court." *Prokop v. Hileman*, 588 F.Supp.3d 825, 840 (N.D. Ill. 2022); *see also Dewick v.*

7

## III.     CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion for leave to file the proposed Second Amended Complaint attached hereto as Exh. 1.

Dated: July 21, 2023                               Respectfully submitted,

/s/ Robert S. Libman
Robert S. Libman
One of the Attorneys for Plaintiffs

Robert S. Libman
rlibman@lawmbg.com
Benjamin J. Blustein
bblustein@lawmbg.com
Scott A. Entin
sentin@lawmbg.com
Deanna N. Pihos
dpihos@lawmbg.com
Roisin Duffy-Gideon
rduffy@lawmbg.com
Angelys Torres McBride
atorres@lawmbg.com
Miner, Barnhill & Galland, P.C.
325 N. LaSalle St., Ste. 350
Chicago, IL 60654
312.751.1170

Sarah E. Siskind
ssiskind@lawmbg.com
Miner, Barnhill & Galland, P.C.
44 E. Mifflin St., Ste. 803
Madison, WI 53703

---

*Maytag Corp.*, 296 F.Supp.2d 905, 906 n.3 (N.D. Ill. 2003) ("It has been black-letter law for nearly four decades that a federal court sitting in diversity and applying state substantive law applies its own federal procedures over conflicting state procedures . . . . And not surprisingly, given the placement of the requirement for pleading punitive damages . . . in the Illinois Code of Civil *Procedure*, that requirement is clearly procedural rather than substantive in nature."); *Probasco v. Ford Motor Co.*, 182 F.Supp.2d 701, 705 (C.D. Ill. 2002) ("§ 5/2–604.1 is a state procedural requirement that does not govern a federal court sitting in diversity . . . .").

8

608.255.5200

Edward J. Manzke
ejmanzke@collinslaw.com
Shawn Collins
shawn@collinslaw.com
Margaret E. Galka
mgalka@collinslaw.com
The Collins Law Firm, PC
1770 Park St., Ste. 200
Naperville, IL 60563
630.527.1595

Daniel R. Flynn
dflynn@dicellolevitt.com
Anna C. Skinner (*pro hac vice*)
askinner@dicellolevitt.com
DiCello Levitt Gutzler LLC
Ten North Dearborn St.
Chicago, IL 60602
312.214.7900

Robert M. Foote
rmf@fmcolaw.com
Foote, Mielke, Chavez & O'Neil LLC
Ten W. State St., Ste. 200
Geneva, IL 60134
630.232.7450

Steven A. Hart
shart@hmelegal.com
Charles R. Vogt
cvogt@hmelegal.com
Hart McLaughlin & Eldridge, LLC
One S. Dearborn, Ste. 1400
Chicago, IL 60603
312.985.9389

David A. Neiman
dneiman@rblaw.net
Romanucci & Blandin, LLC
321 N. Clark St., Ste. 900
Chicago, IL 60654
312.458.1000

John James Holevas

9

jholevas@wilmac.com
Marc Gravino
mgravino@wilmac.com
WilliamsMcCarthy
120 W. State St.
Rockford, IL 61105-0219
815.987.8500

CERTIFICATE OF SERVICE

    Amber Blevins certifies that she served the foregoing Motion on all counsel of record, by this Court's electronic-filing system, this 21st day of July, 2023.


                    */s/ Amber Blevins*
                    Amber Blevins